| UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK | |
|---|---|
| In re: ZYPREXA PRODUCTS LIABILITY LITIGATION | |
| DONNA L. SHAHIN, SUBI H. SHAHIN, Plaintiffs, – against – ELI LILLY & COMPANY, BRISTOL-MYERS SQUIBB CO., Defendants. | |

**MEMORANDUM AND ORDER**

04-MD-1596

08-CV-0576

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ DEC 02 2011 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, United States District Judge:**

This memorandum and order supersedes the November 30, 2011 order that dismissed the complaint of plaintiffs Donna and Subhi Shahin for failure to prosecute. *See* Order, Shahin v. Eli Lilly & Co. et al., Nos. 04-MD-1596, 08-CV-576 (E.D.N.Y. Nov. 30, 2011), CM/ECF No. 60.

*Pro se* plaintiff Donna Shahin claims that she suffers from psychiatric problems and that she was treated with Zyprexa, a drug manufactured by defendant Eli Lilly & Company ("Lilly"). Ms. Shahin's use of Zyprexa allegedly caused her further medical problems. She sued Lilly in a Maryland state court in July 2007. Ms. Shahin was joined in doing so by her husband, who sought compensation for his collateral losses. The case was removed to the United States District Court for the District of Maryland, and the case against Lilly was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation.

After answering plaintiffs' complaint, Lilly attempted to begin discovery. Depositions were sought from plaintiffs, and authorizations to examine medical and insurance records were

1

requested, so that Lilly could obtain information about plaintiff Donna Shahin's health both before and after she took Zyprexa. Plaintiffs failed to cooperate with Lilly in supplying information necessary for defense or settlement.

In October 2011, Lilly moved to dismiss plaintiffs' action for failure to prosecute. At a hearing held on October 24, 2011, the court explained to the plaintiffs that they could not justly seek compensation from the defendant for injuries allegedly suffered by Donna Shahin without giving the defendant materials to evaluate her medical history. The court instructed Lilly to take depositions at a location convenient for the plaintiffs, and ordered the plaintiffs to provide the necessary authorizations to Lilly. Plaintiffs failed to comply.

The defendant again moved for dismissal for failure to prosecute. At a hearing held on November 28, 2011, the court again ordered the plaintiffs to proceed with discovery, warning them that failure to do so would result in dismissal. They stated that they would not comply with Lilly's requests, and consented to the court's dismissing their case.

Since the November 28, 2011 hearing was held with the plaintiffs participating by telephone—a medium that may present some difficulties in communication—the court, upon further reflection, is not absolutely certain that the plaintiffs understood the import of their position.

Given the special solicitude necessary to ensure that the rights of *pro se* plaintiffs are protected, the plaintiffs will therefore have one more opportunity to comply with Lilly's discovery requests.

Each plaintiff will be treated as having brought an individual case against Lilly. Donna Shahin is directed to inform this court by letter, within twenty days of the publication of this memorandum and order, (1) whether she will appear at a place convenient for her and designated

by the defendant so that defendant may promptly take her deposition, and (2) whether she will provide the defendant promptly with the authorizations requested, so that Lilly may access the records it seeks. Plaintiff shall copy Lilly's counsel on this letter. Failure to send the letter, appear for her deposition, or provide the necessary authorizations will result in the dismissal of her case.

Subhi Shahin is directed to inform this court by letter, within twenty days of the publication of this memorandum and order, (1) whether he will appear at a place convenient for her and designated by the defendant so that defendant may promptly take his deposition, and (2) whether he will provide the defendant promptly with the authorizations requested, so that Lilly may access the records it seeks. Plaintiff shall copy Lilly's counsel on this letter. Failure to send the letter, appear for his deposition, or provide the necessary authorizations will result in the dismissal of his case.

A copy of this memorandum and order shall be sent to plaintiffs at their address of record.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   December 2, 2011
        Brooklyn, New York

3